[Crim. No. 2872.   First Dist., Div. Two.   Apr. 30, 1953.]

THE PEOPLE, Respondent, v. ROBERT COLEMAN, Appellant.

Marvin G. Giometti for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Wallace G. Colthurst, Deputy Attorney General, Thomas C. Lynch, District Attorney (San Francisco), and Jack E. Berman, Deputy District Attorney, for Respondent.

NOURSE, P. J.—Defendant was tried to a jury and convicted on an information charging an assault with a deadly weapon—a knife. On a former trial the jury disagreed and was discharged. On the second trial positive evidence of the assault and of identification of the defendant was made. He appeals from the adverse judgment and from the order denying a new trial. On his appeal he is represented by counsel assigned by this court for that purpose. Counsel has presented his case ably, but his grounds are not convincing.

There is no question of the sufficiency of the evidence to sustain the verdict and no claim of error other than the assigned misconduct. Alice Mortensen, the victim of the alleged assault, was seated at the counter of a crowded barroom with Tolonen, a second victim, when defendant approached the former and placed an envelope in her pocket. She went to the rest room where she opened the envelope and found that it contained a number of striped capsules. On a previous occasion the defendant had asked her to keep a gun for him and, on her refusal, had slipped the gun into her pocket. When he .failed to obtain the envelope he drew a knife and a disinterested witness saw him strike both Morten-

sen and Tolonen in the back and throw the knife on the barroom floor as he disappeared from the premises. Another witness who was present at the time identified defendant as the one who committed the assault. When apprehended defendant was taken to the hospital where Mortensen identified him by name and charged him with the assault. He did not deny it other than to say: "She said I did, didn't she?"

At the trial defendant produced a former cell-mate in the county jail who testified that he witnessed the assault, that it was committed by another person, and that defendant was not present in the premises at the time. On cross-examination he was asked if he had been previously convicted of a felony which he first denied and later admitted. He was then asked if he had not been convicted of a felony in this state— violation of the gun law—which he admitted. He was then asked if he had not been confined in the county jail on October 30, 1951, the date of the assault. He answered the "city prison."

The inquiries were all proper cross-examination. They developed that on the night of the assault the witness was confined in the city prison and could not have witnessed the assault which was committed at a place in San Francisco far remote from the location of the city prison.

There appears to be no error or misconduct in this examination. It is in accord with section 2048, Code of Civil Procedure. See, also, *People* v. *Cornett,* 93 Cal.App.2d 744, 748 [209 P.2d 647]. Furthermore the inquiries were made without objection and the complaint cannot be made for the first time on appeal. (*People* v. *Dye,* 81 Cal.App.2d 952, 960 [185 P.2d 624].)

Judgment and order affirmed.

Goodell, J., and Dooling, J., concurred.